Robinson, J.
While there are numerous assignments of error urged by plaintiff in error, in view of the conclusion the court has reached but one of them will be considered.
The fifth allegation of negligence of the fifth amended statement of claim reads as follows: “That the defendant company did not stop its said train in time to avoid hitting said automobile truck when the crew in charge of said train saw the automobile truck on said railroad crossing in a helpless and dangerous position, in time to stop said train and avoid collision, and that said defendant had plenty of opportunity to have stopped said train or to have slowed down said train to avoid hitting said automobile truck, but failed and neglected to do so.” This attempts to and does charge negligence on the part of the plaintiff in error squarely within the rule of the doctrine of “last clear chance.”
*198 The evidence disclosed that the defendant in error was an employe of the owner and driver of the truck; that as the truck approached the railroad crossing he attempted to look to the right, from which direction the train was approaching, but the driver of the truck was in his line of vision and he could not see over nor around him, and. did not see, hear or know a train was approaching, but did observe the owner and driver of the truck to be looking to the right; that he thereupon looked to the left and saw no train approaching; that the driver of the truck could see in the direction of the approaching train a long distance and had he looked could have seen the train in time either to have stopped the truck or increased its speed and cleared the tracks, and thus have avoided a collision; that the fireman of the approaching train saw the truck approaching the crossing when the train was three-quarters of a mile away from the crossing, and had the truck in mind and view practically all the time until the accident occurred; and that at all times prior to the actual collision the defendant in error could have saved himself had he known there was an approaching train.
Giving the defendant in error the most favorable interpretation of the evidence, the injury was due to the concurrent negligence of the driver of the truck and the railroad company. The negligence of the driver of the truck could not be imputed to the defendant in error, the employe of the driver. But this still does not make a case coming within the doctrine of the “last clear chance,” *199 for the reason that should the jury find from the evidence that the defendant in error exercised the care which an ordinarily prudent man would exercise under the circumstances, and in the exercise of such care was entitled to rely upon the driver of the truck exercising such care as an ordinarily prudent man would exercise for his own safety and the safety of his truck and employe, and likewise entitled to rely upon the driver of the truck seeing the approaching train and either stopping his truck or accelerating its speed so as to avoid a collision, then the defendant in error was guilty of no negligence.
If, on the other hand, the jury should find that defendant in error in relying upon the driver of the truck to look to the right for approaching trains, and in relying upon the driver of the truck to either stop the truck or increase its speed so as to avoid a collision, did not exercise the care which an ordinarily prudent man would exercise for his own safety under the circumstances, then he was guilty of contributory negligence and the negligence was concurrent with the negligence of the plaintiff in error company.
In neither event would the doctrine of “last clear chance” apply.
The doctrine of “last clear chance” is not an extension of the doctrine of comparative negligence as applicable to master and servant to other than master and servant. Nor is it available for the purpose of excusing contributory negligence continuing up to and at the time of the accident.
*200 For the defendant in error to have brought himself within the rule and to have entitled himself to a charge of the court upon the subject, the evidence must have tended to show that, while his negligence may have contributed toward getting him in the position of danger, all negligence on his part had ceased for a sufficient time prior to the accident to have enabled the plaintiff in error, after it knew of his situation of peril, to have avoided the accident.
The trial court seems to have taken this view, and, therefore, in his charge to the jury, withdrew from the consideration of the jury the fifth allegation of negligence in the fifth amended statement of claim, in the following language: “You will observe when you have the pleadings with you that No. 5 is marked out — beginning with ‘No. 5’, and ending with the words, ‘so to do.’ There was no proof offered by the plaintiff in support,of that allegation, and for that reason the Court removes it from your consideration. But with the exception of that that is marked out, you will consider those specific grounds or claims of negligence on the part of the defendant Company.” But prior to the giving of the general charge and prior to the argument, the court had given at the request of the defendant in error the following:
“No. 3. The plaintiff may recover, even if you find him guilty of “negligence and said negligence exposed him to risk of injuries of which he complains, if the defendant after it became aware of the plaintiff’s danger fails to use ordinary care to *201 avoid injuring him and plaintiff was thereby injured.
“No. 4. If you find that the plaintiff was neg-* ligent only in getting onto the place and position wherein he was struck, and that this negligence on his part did not proximately or directly cause or contribute to cause the accident, and you find the engineer or person in charge of the train, by the use of ordinary care could have avoided the accident and did not, then the negligence of the defendant Railroad Company is the proximate cause of the injury, and the plaintiff should recover.
“No. 5. It is not necessary that the defendant should actually know of the danger to which plaintiff is exposed; it is enough if having sufficient notice to put a prudent man on the alert, he does not take such precautions as a prudent man would take under similar notices.”
The fifth allegation of negligence of the fifth amended statement of claim marked “omit” was sent to the jury with a parenthesis character drawn in pencil at it's left and an oblique pencil mark at either end.
It will be observed that nowhere, either in the fifth amended statement of claim, or in the charge given before argument, or in the general charge, was there anything which would identify the re- ■ quested charges 3, 4 and 5 with allegation of negligence “No. 5” of the fifth amended statement of claim, or that would apprise the jury of the fact that they were not to consider charges Numbers 3, *202 4 and 5. While to a skilled lawyer the withdrawal from the consideration of the jury of allegation of negligence No. 5 would indicate that charges 3, 4 and 5 were also withdrawn, we are unable to see how to the mind of a layman unfamiliar with the law of negligence the relation of the one to the other would be apparent. The jury might well have interpreted the charge given before argument as authorizing them to find for the defendant in error irrespective of any contributory negligence on his part.
For this reason the judgment is reversed and the cause remanded for further proceedings according to law.

Judgment reversed.

Jones, Matthias, Johnson and Merrell, JJ., concur.
Wanamaker, J., dissents.